■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GOINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 20, 1977, convicting him of three counts of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In our opinion, the defendant was denied a fair trial by the improper tactics of the prosecutor in discrediting the testimony of an eyewitness who testified for the defense. On October 22, 1975 the occupants of the Royal Bar were robbed by three men, one of whom toted a shotgun. At the time of the robbery, the bar was occupied by the barmaid, Georgiana Pusey, and two patrons. Four days later, Ms. Pusey saw defendant enter the bar and identified him as one of the robbers. At the trial one of the patrons of the bar at the time of the robbery testified for the defense that defendant did not commit the robbery. The prosecutor hypothesized that the failure of defendant's witness to report to the police, and his past conviction for possession of stolen property, may be suggestive of his actual participation in the crime as an "inside man". A prosecutor should not call upon a jury to draw conclusions not fairly inferrable from the evidence *(People v Ashwal,* 39 NY2d 105; *People v Jenman,* 296 NY 269). Moreover, although defendant did not object, the court erroneously charged that the jury should consider the identification evidence for both the prosecution and the defense in the same light, and to judge it by the same

strict standard, i.e., that identification evidence must be: "strong and cogent and it must have been made with sufficient certainty so as to preclude any reasonable possibility of mistake. Evidence of identification should be as far certain as human recollection under the most favorable circumstances would permit." However, exculpatory evidence adduced by the defense is not to be held to the same standard of proof as identification evidence for the prosecution. In the interests of justice this court may consider that error in the charge, even though no objection was taken thereto (see *People v Chestnut,* 42 AD2d 594). If there were overwhelming evidence of guilt, these errors may not have warranted reversal. However, since the only evidence against the defendant was an eyewitness whose testimony was contradicted by another eyewitness, the prosecutor's improper tactics towards the defendant's witness and the erroneous charge substantially prejudiced the defendant. Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.